Richard Fiedler, Appellee, v. Chicago, Indiana & Southern Railroad Company, Appellant.

Gen. No. 6,099.    (Not to be reported in full.)

Appeal from the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed November 5, 1915.


## Statement of the Case.

Action by Richard Fiedler, plaintiff, against the Chicago, Indiana & Southern Railroad Company, defendant, in the Circuit Court of Putnam county, to recover the value of a steer alleged to have been killed as a result of defendant's negligence. From a judgment for plaintiff for eighty-five dollars defendant appeals.

On August 17, 1911, Richard Fiedler owned and occupied a farm near Granville, in Putnam county, which was crossed by the Chicago, Indiana & Southern Railroad Company. The right of way across this farm was separated from the farm land by a fence, erected and maintained by defendant, and at one point in this fence there was a gateway leading to a private crossing over the track. On the day in question a steer belonging to Fiedler was killed by a train of the defendant and it is claimed by Fiedler that the gate was out of repair due to negligence of the railroad company, by reason of which the steer passed through the gate and upon the right of way.

The evidence showed that the gate in question consisted of a steel frame about fourteen feet wide and sixteen feet long, hung from a post by hinges on one end, and on the other end originally fastened to another post by an iron hook; that the hook had been broken more than a year before the date in question and the gate had been fastened thereafter by wrapping wires around the end of the gate and the post and

twisting them; that one of the posts by which the gate was fastened had become rotten and that the section men of the defendant had not removed the rotten post, but had put in a new post alongside of the old one; and that the gate would not reach from one post to the other. The evidence further showed that after the killing of the steer the gate was found open towards the right of way, although the natural way to open it was away from the right of way, and that the wires that had held the gate shut were lying on the ground. There was evidence in the record to the effect that hunters had been seen in the neighborhood on the morning in question, but there was no evidence directly showing that such hunters were on the premises at that time or near this gate, while there was other evidence showing that cattle of appellee had broken through this gate on other occasions and that defendant's servants had promised several times to repair this gate in a suitable manner.

The action was tried by jury in the Circuit Court on appeal from the judgment of a justice of the peace, and the jury found for plaintiff, the value of the steer being agreed to be sixty dollars and the value of plaintiff's attorney's fees to be twenty-five dollars.

BOYS, OSBORN & GRIGGS, for appellant; ROBERT J. CARY, of counsel.

GEORGE W. HUNT, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 868*—*when evidence sufficient to sustain finding that gate along right of way not opened by human agency.* In an action to recover for the alleged killing of plaintiff's steer by defendant's train, where it appeared that the steer got on defendant's right

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fiedler v. Chicago, etc., R. Co., 196 Ill. App. 403.

of way through a gate in a fence separating defendant's right of way from plaintiff's land, both gate and 'fence being constructed and maintained by defendant; that the gate swung on hinges from a post in the fence and was formerly fastened by an iron hook to a post set on the opposite side of the opening, and after the hook was broken defendant did not repair it, but fastened the gate by twisting wires round the end of the gate and the post; that after the accident the wires were found lying on the ground untwisted; that after the post had become rotten defendant set a new post alongside the old post, so that the gate did not reach to the new post; that the gate had been pushed open by cattle on other occasions, and that on the day of the accident hunters were seen in the vicinity, *held* that the evidence did not exclude the possibility that on the day in question the gate was pushed open by cattle so as to warrant an inference that it was not opened by human agency.

2. Witnesses, § 197*—*when paper used by witness to refresh memory may not be used by adverse counsel.* Where a paper from which a witness has refreshed his recollection as to the facts to which he testifies contains expressions of opinion, and such witness after examination of the paper testifies to all the matters of fact therein contained, so that the witness could not be contradicted by the admission of the paper, it is incompetent as evidence.

3. Evidence, § 365*—*when opinion evidence improper.* Opinion evidence is properly excluded where there is no occasion for expert testimony, and where the jury are as well qualified as the witness to decide the question as to which the opinion is sought.

4. Instructions, § 41*—*when instruction not rendered improper by insertion of words limiting province of jury.* The insertion of the words "if proven" in an instruction requested by a party, which instruction commences "if the jury believe from the evidence," is not objectionable as shifting the burden of proof, the words inserted being of the same meaning as "if the jury believe from the evidence," and the words so inserted being merely an unnecessary repetition of what was already expressed.

5. Appeal and error, § 1241*—*when party may not complain of his own instructions.* The fact that an instruction given put an improper burden on a party to an action cannot be assigned by such party as error where the instruction complained of was requested by it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.