## A. F. Warren, Administrator, Defendant in Error, v. William J. Jackson, Receiver, Plaintiff in Error.

1. DEATH, § 48*—*when evidence as to financial condition of widow or next of kin immaterial.* In an action to recover damages under the Federal Employers' Liability Act for the death of defendant's employee caused by defendant's negligence, evidence as to the financial resources or condition of the widow or next of kin of the deceased, *held* to be immaterial.

2. EVIDENCE, § 78*—*when statements admissible as part of res gestæ.* In an action to recover damages for death of defendant's employee while at work on defendant's railroad, testimony of a brakeman concerning a statement made by him to the engineer of the train just before or at the time the accident to the deceased was happening, calling to the engineer to put his head out of the window and take a signal, *held* admissible as part of the *res gestæ* of the management of the train before the accident, but to have been inadmissible if such call had been after the accident.

3. MASTER AND SERVANT, § 566*—*when evidence insufficient to support counts of declaration in action for injuries while train*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*engaged in interstate commerce.* Where a train started from a certain point with cars of goods billed from without the State, which were disconnected from the train several stations before reaching the place where plaintiff's intestate was injured, and there was no evidence of any other goods or cars being on the train at that time that were being transported from or to any foreign State, *held* that there could be no recovery on any count of the declaration, in an action under the Federal Employers' Liability Act of 1908, to recover damages because of such injuries, which alleged alone that the defendant was engaged in interstate commerce, based on an allegation that defendant was carrying cars or goods from or to some other State.

4. COMMERCE, § 4*—*when employee engaged in interstate commerce.* The work of taking material to the place where it is to be used to repair and improve an interstate railroad is a part of the work of improvement, and one carrying material to be used in repairing or in keeping in suitable condition an instrumentality of interstate commerce is engaged in such commerce.

5. MASTER AND SERVANT, § 98*—*what is effect of Federal Employers' Liability Act on State laws.* In the matter of the liability of an employer for the death of an employee while engaged in interstate commerce, the Federal Employers' Liability Act has superseded all State laws.

6. DAMAGES, § 21*—*when recovery may be had for pain and suffering.* An injured person suing for damages, if he recovers, is entitled to compensation for pain and suffering.

7. DEATH, § 32*—*when representatives of deceased employee may recover for pecuniary loss and pain and suffering of deceased.* Under the Federal Employers' Liability Act as amended in 1910, the right of a person injured to recover for pain and suffering is preserved to the representatives of such person who survived the injury in a conscious condition some appreciable length of time, and recovery is allowed such representatives in such case both for pecuniary loss and for conscious pain and suffering endured by the deceased during the period he survived, although it was brief.

8. DAMAGES, § 172*—*what is proof of pain and suffering.* In an action to recover damages for pain and suffering caused by injuries sustained, the pain and suffering may be shown by the acts and natural involuntary expressions of present pain, such as expressions of the features, groans, exclamations, screams, and the like.

9. EVIDENCE, § 86*—*when statements of party concerning pain are competent.* In an action to recover damages for pain and suffering caused by injuries sustained, statements of the party con-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cerning pain are not competent unless made to a physician treating him.

10. MASTER AND SERVANT, § 430*—*when contributory negligence does not bar recovery under Federal Employers' Liability Act.* In an action under the Federal Employers' Liability Act to recover damages for injuries sustained and death due thereto, where such injuries and death were the result of the negligence of a coemployee of the deceased while engaged in interstate commerce, *held* that recovery was allowable, although the negligence of the deceased may have materially contributed to his injuries and would diminish the amount of recovery.

11. INSTRUCTIONS, § 38*—*propriety of in language of statute.* An instruction in the language of a statute is not erroneous.

12. MASTER AND SERVANT, § 302a*—*when assumed risk no defense under Federal Employers' Liability Act.* Under the Federal Employers' Liability Act, the defense of assumed risk is expressly eliminated in cases where injury or death results from any defect or insufficiency due to the negligence of the carrier in its cars, engines, appliances, machinery, track, roadbed, or other equipment.

13. MASTER AND SERVANT, § 312*—*what risks assumed by employee.* An employee assumes the ordinary risks and hazards of his occupation and those defects and risks which are known to him or would be discovered by the exercise of reasonable care.

14. MASTER AND SERVANT, § 308*—*what risks not assumed by employee under Federal Employers' Liability Act.* Under the Federal Employers' Liability Act, an employee does not assume risks created by the negligence of others or arising out of defects in cars or equipment.

15. MASTER AND SERVANT, § 496*—*when contributory negligence proximate cause of injury to employee.* Contributory negligence is such an act or omission on the part of an employee amounting to a want of ordinary care which, concurring or co-operating with a negligent act of an employer, is the proximate cause or occasion of an injury complained of.

16. MASTER AND SERVANT, § 482*—*what constitutes contributory negligence of employee.* A violation by an employee of the rules of an employer is contributory negligence and not an assumption of risk.

17. APPEAL AND ERROR, § 1241*—*when party may not complain of instructions.* A party may not be heard to complain of instructions given at his request.

18. MASTER AND SERVANT, § 816*—*when instruction on damages in action under Federal Employers' Liability Act not erroneous.* In an action under the Federal Employers' Liability Act to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

damages for injuries sustained and death due thereto, an instruction in the language of the statute requiring that damages be diminished in proportion to the negligence attributable to the employee, *held* not to be erroneous.

Error to the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

HOMER T. DICK, J. K. MARTIN, EDWARD C. CRAIG and DONALD B. CRAIG, for plaintiff in error.

C. R. PATTERSON and E. J. MILLER, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought under the Federal Employers' Liability Act of 1908, and the amendment thereto of 1910, by A. F. Warren, as administrator of the estate of Michael H. Warren against William J. Jackson, receiver of the Chicago & Eastern Illinois Railroad Company, to recover damages for pain and suffering of the intestate after he was injured and for his death alleged to have been caused by the negligence of the defendant. There was a verdict and judgment of $2,000 in favor of plaintiff, to review which the defendant prosecutes this writ of error. The plaintiff in error hereinafter will be called the defendant and the defendant in error the plaintiff.

The declaration contains eight counts, each of which avers that on July 13, 1914, the defendant, as receiver of the Chicago & Eastern Illinois Railroad Company, a corporation, was operating a railroad from Chicago, Illinois, to Chaffee, Missouri, to St. Louis, Missouri, and to Terre Haute, Indiana, and that it was a carrier of interstate commerce and interstate passengers. The first count further avers that the deceased was a brakeman in the employ of defendant on a freight

train hauling crushed rock that was being used for ballast for the improvement, betterment and safety of said track for the benefit of the traffic then being hauled over it, and by reason whereof the defendant was engaged in interstate commerce between Illinois, Missouri and other States, and the plaintiff avers that the defendant obtained the crushed rock at a station south of Hudgens, Illinois, and was taking the same northward to a location near Hudgens, there to be unloaded to become a part of the permanent structure of the roadbed; that at the place where said ballast was to be used, the engineer in charge of the train negligently and carelessly, without any warning or signal to the deceased, pushed and surged the forward part of said train containing the cars loaded with ballast, which had been uncoupled from the merchandise portion of the train, backward against the rear section so that the intestate, in the performance of his duty as a brakeman, while in the exercise of due care, was caught and crushed between the uncoupled portions of said train; whereby he was grievously wounded and suffered great pain and injury, and died within an hour thereafter while being taken to a hospital; that the intestate left surviving A. F. Warren, his father, and Laura J. Warren, his mother, but no wife, child or children or descendants of a child, by reason whereof the said parents have been deprived of their means of support, etc.

The second count differs from the first in that it avers that the train, on which the intestate was engaged when injured, was an intrastate train running from Thebes to Marion, Illinois, carrying, at the time of the injury, divers cars and packages of interstate freight, and that the engineer in charge of the train negligently reversed the engine and forced the forward part of the train, which had been disconnected, back against the rear portion and negligently and wantonly injured the intestate.

In another count it is averred that one of the cars in the train had a defective air brake, a safety appliance used in operating the train, which defect was known to the engineer and unknown to the intestate, and after the train was disconnected and the forward portion moved a short distance, said brake "set" on the car, and caused the wheels to lock, and that the engineer then negligently forced the fore part of the train back and caught the intestate, etc. In another count it is averred that the air brake had been defective so long that defendant should have known of that fact, but that it negligently kept said car with the said defective air brake in the train and that the engineer negligently forced the forward part of the train back, etc., and that it was unknown to the intestate that there was a defective air brake on the train. Other counts contain different combinations of the foregoing averments.

On the trial the plaintiff was permitted to make proof by the father and mother of the deceased concerning their health, income and property. This is assigned for error. The evidence of the father was excluded but that of the mother was not excluded. "While it is erroneous to admit evidence of the resources of the widow or next of kin or their financial condition, it is not error to allow questions concerning the earnings of the deceased and whether the wife and children were supported by him." *Brennen v. Chicago & C. Coal Co.*, 241 Ill. 610. "The poverty, wealth, helplessness or dependence of the relatives of the deceased is immaterial on the question of the recovery of damages. That question is not to be considered in measuring or estimating the loss sustained or in determining the liability where the death is caused by the wrongful act of the defendant." *Mahlstedt v. Ideal Lighting Co.*, 271 Ill. 154 [12 N. C. C. A. 499]; *Chicago, P. & St. L. R. Co. v. Woolridge*, 174 Ill. 330; *Pennsylvania Co. v. Keane*, 143 Ill. 172.

It is also insisted that the court erred in admitting the testimony of a brakeman concerning a statement made by him to the engineer just before or at the time the accident was happening, calling to the engineer to put his head out of the window and take a signal. The call was apparently a part of the *res gestæ* of the management of the train before the accident and was proper. If the call had been after the injury had been inflicted, then manifestly it would have been improper.

It is very strenuously argued on behalf of defendant that the train upon which the intestate was working when injured was not at that time engaged in interstate commerce. Plaintiff insists that the train on which the deceased was employed was engaged in interstate commerce, (1) because it was carrying ballast to improve the roadbed over which interstate commerce was carried by this or other trains; and (2) that at the time of the injury the train had goods on it billed to or from other States.

When the train started from Thebes that morning it had two cars that contained goods that were billed from without the State of Illinois. Neither of these cars nor any of the goods that had been in them at Thebes were in the train when the deceased was injured, but they had been disconnected from the train several stations before reaching the place where the deceased was injured. There is no evidence in the record of any other goods or cars being in the train that were being transported from any foreign State to the State of Illinois, or through the State of Illinois to any other State. Hence there cannot be a recovery on any count which alleges alone that the defendant was engaged in interstate commerce based on the allegation that it was carrying cars or goods from some other State to Illinois or from or through Illinois to some other State.

The train on which the deceased was employed, and

by which he was injured, had in it several cars loaded with crushed rock to be used as ballast in improving or repairing the roadbed over which interstate commerce was carried by this or other trains. The contention of defendant is that the record does not show that the ballasting being done was not a part of the original construction of the railroad, and *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146 [3 N. C. C. A. 779], is cited as sustaining that contention and that the use of ballast in original construction of a railroad would not bring such railroad within the federal act. The expression used in that case on which defendant relies is: "Of course, we are not here concerned with the construction of tracks, bridges, engines or cars which have not as yet become instrumentalities in such commerce, but only with the work of maintaining them in proper condition after they have become such instrumentalities, and during their use as such." It was also said: "A track or bridge may be used in both interstate and intrastate commerce, but when it is so used it is none the less an instrumentality of the former; nor does its double use prevent the employment of those who are engaged in its repair or in keeping it in suitable condition for use from being an employment in interstate commerce." The work of taking material to the place where it is to be used to repair and improve an interstate railroad is a part of the work of improvement, and one carrying material to be used in repairing or in keeping in suitable condition an instrumentality of interstate commerce is engaged in such commerce. *Pedersen v. Delaware, L. & W. R. Co., supra; Wabash R. Co. v. Hayes*, 234 U. S. 86 [6 N. C. C. A. 224]; *St. Louis, S. F. & T. Ry. Co. v. Seale*, 229 U. S. 154. The railroad having been constructed and being already in use as an instrumentality for interstate commerce, and the train, at the time of the accident, carrying ballast to be used in better prepar-

ing the roadbed for the transmission of such commerce, the defendant and the deceased were then engaged in interstate commerce.

It is contended on behalf of defendant that the court erred in giving instructions requested by plaintiff directing the jury, if they should find for the plaintiff, in arriving at the damages, to consider the pain and suffering the deceased was subjected to by the injury and in refusing to instruct the jury to disregard the evidence of pain and suffering. In the matter of the liability of an employer for the death of an employee while engaged in interstate commerce, the Federal Employers' Liability Act has superseded all State laws, and the amount of damages recoverable is not governed by the law of the State where the accident occurred. *Seaboard Air Line Ry. v. Horton*, 233 U. S. 492 [8 N. C. C. A. 834]; *Devine v. Chicago, R. I. & P. Ry. Co.*, 266 Ill. 248. The federal statute provides that the right of action given to ''a person suffering injury shall survive to his or her personal representative for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.''

The evidence shows that the deceased survived the receipt of the injury about an hour, during which time he was conscious and talked some. An injured person suing for damages, if he recovers, is entitled to compensation for pain and suffering. Under the Federal Employers' Liability Act, as amended in 1910, that right is preserved to the representative of a deceased person who survived the injury in a conscious condition some appreciable length of time, and a recovery is allowed for the benefit of the parents of the deceased for pecuniary loss, and also for conscious pain

and suffering endured by the decedent during the period he survived, although it is brief. *St. Louis, I. M. & S. Ry. Co. v. Craft,* 237 U. S. 648 [9 N. C. C. A. 754]; *Kansas City Southern R. Co. v. Leslie,* 238 U. S. 599; *Great Northern R. Co. v. Capital Trust Co.,* 242 U. S. 144. There was no error in the rulings on that question.

It is also insisted that the court erred in admitting evidence of statements made by the deceased, that he asked for water, and said "Good-bye," "I am dying," "I'm so sick." It was proper to show pain and suffering by the acts, and natural involuntary expressions of present pain, such as expressions of the features, groans, exclamations, screams, and the like, but in Illinois, statements of the sufferer concerning pain, unless made to a physician treating the injured person, are not competent. 7 Encyc. of Ev. 386-391; *Lake Street El. R. Co. v. Shaw,* 203 Ill. 39; note to 24 L. R. A. (N. S.) 256.

Defendant insists that no judgment for plaintiff can be sustained on the evidence. There is evidence tending to show that the deceased was injured by the negligence of a coemployee, the engineer in charge of the train, but at this time we do not express any opinion as to the weight of such evidence since the case must be tried again. If his injury and death were the result of such negligence, and the train was engaged in interstate commerce, then the plaintiff is entitled to recover although the negligence of the deceased may have materially contributed to his injury and would diminish the amount of the recovery.

It is insisted that the court erred in giving instructions requested by plaintiff. The first instruction is a copy of section 1 of the Federal Employers' Liability Act. An instruction in the language of the statute is not erroneous. *Mertens v. Southern Coal & Mining Co.,* 235 Ill. 540. There was, however, no reason for

giving the instruction as it is abstract, and other instructions were given in which the statute was made applicable to the case.

Instructions two and three given for plaintiff did not limit the right of recovery to the specific negligence alleged in the declaration nor to that of the employee charged to have been negligent, but authorized a recovery on any negligence. The only negligence of an employee alleged is that of the engineer, and in connection with that that there was a defective air brake which was or should have been known to the defendant. The instructions inform the jury that the plaintiff was entitled to recovery if the injury and death resulted in whole or in part "from the negligence of any of the officers, agents or employees of" defendant. It is also contended that these instructions are erroneous because they make no reference to assumed risk. The argument on behalf of the defendant is that the air brakes were not defective and that the decedent was killed in consequence of a risk assumed when he, in violation of the rules, stepped between the cars while they were in motion. The Act of 1908 under which this suit is prosecuted, by making an employer liable to its employees for any negligence of an employee, abolishes the common-law fellow-servant rule, and also provides that "where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee, provided that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case, where the violation of such common carrier of any statute enacted for the safety of employees contributed to the death or injury of such employee." It also provides that "such employee shall not be held to

have assumed the risk of his employment in any case, where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." (*Central Vermont Ry. Co. v. White,* 238 U. S. 507 [9 N. C. C. A. 265]; *Illinois Cent. R. Co. v. Scaggs,* 240 U. S. 66.) An amendment thereto, enacted in 1910, provides that the movement of cars that have been properly equipped as provided by the act and such equipment has become defective, to places of repair, shall be at the sole risk of the carrier and the carrier shall not be relieved from any liability for the death or injury of an employee by reason of the movement of such car. The federal statute appears to have expressly eliminated the defense of assumption of risk in cases where injury or death results from any defect or insufficiency due to the negligence of the carrier in its cars, engines, appliances, machinery, track, roadbed or other equipment.

An employee assumes the ordinary risks and hazards of his occupation, and those defects and risks which are known to him or would be discovered by the exercise of reasonable care. He does not under the federal statute assume risks, created by the negligence of others or arising out of defects in cars, or equipment. Contributory negligence is such an act or omission on the part of an employee, amounting to a want of ordinary care, which concurring or co-operating with a negligent act of an employer is the proximate cause or occasion of an injury complained of, and a violation of the rules of an employer has been held to be contributory negligence and not an assumption of risk. *Oberlin v. Oregon-Washington R. & Nav. Co.,* 71 Ore. 177, 142 Pac. 554; *Carter v. Kansas City Southern Ry. Co.* (Tex. Civ. App.), 155 S. W. 638.

None of the instructions given at the request of plaintiff based a right of recovery on any negligence

except that of officers, agents or employees of defendant. The plaintiff's intestate did not assume the risk of the negligence of his fellow-servants, hence there was no error in the instructions given at the request of the plaintiff in failing to instruct concerning the law of assumed risk. The court, at the request of the defendant, told the jury that it must consider "only that as the law which is given you by the court." The twenty-third, twenty-fourth, twenty-fifth and twenty-sixth instructions given at the request of defendant undertake to inform the jury concerning the law of assumed risk. The twenty-third defines assumed risk, and then states that assumed risk is a part of the contract of employment, and if the jury believe "that one of the risks so assumed by plaintiff's decedent was the risk of having happen what did happen in this case, then your verdict should be for the defendant." The twenty-fifth, in its conclusion, tells the jury that "if you believe from the evidence that the injury to the plaintiff's intestate resulted from a risk that the plaintiff's intestate assumed when he entered the employment of the defendant, it will be your duty, no matter how negligent you believe the defendant to have been, to find your verdict for the defendant." The defendant may not be heard to complain of instructions given at its request.

The fifth instruction given at the request of plaintiff instructed the jury as to the law where goods are being transported on the train on which an accident occurs from one State to another. We do not find any evidence showing that there were any interstate goods on this train at the time of the accident, and hence there is no evidence on which to base this instruction.

The eighth instruction informed the jury that if it found from the evidence that the defendant was engaged in interstate commerce at the time of the injury and that the "injury was the result in whole or in part

of the negligence of any of the officers, agents or employees of said receivers, and you further find from the evidence that Michael H. Warren was also guilty of negligence which contributed to his injury and death,'' this fact would not bar a recovery, but ''the damages which you allow in the case, if any, should be diminished by the jury in proportion to the amount of negligence, if any, which you find to be attributable to the said Michael H. Warren in connection with said injury.'' It is contended that this does not state the true rule for comparison of the negligence of the parties. It is in the language of the statute, and requires the damages to be diminished in proportion to the negligence attributed to the employee. There is no error in the respect complained of although the instruction erroneously refers to negligence of employees not alleged in the declaration.

It is also argued that the court erred in refusing instructions requested by defendant, but the points argued have been already reviewed. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*