Kresin v. Brotherhood of American Yeomen, 217 Ill. App. 448.

## Carrie Kresin, Appellee, v. Brotherhood of American Yeomen, Appellant.

1. INSURANCE, § 721*—*what is effect of acceptance of insured beyond age limit.* The fact that a certificate of membership in an insurance society is issued to one who is beyond the age limit at which persons can be admitted to the society under its constitution and by-laws does not render the contract void where the contract is not prohibited by the insurer's charter.

2. CORPORATIONS, § 44*—*power to change charter and by-laws.* A charter of a corporation is a grant from the sovereign power of the State and is not subject to change by the holder nor in any way except by the power granting it, while the constitution and by-laws of the corporation may ordinarily be changed by the corporation, so long as such changes are within the powers granted by the State.

3. INSURANCE, § 716*—*what changes may be made in charter or by-laws.* Under the charter of a fraternal association which authorizes it to issue certificates of membership to persons between such age limits, its by-laws may determine the ages of the persons to whom it will issue such certificates, provided they do not fix age limits outside of those fixed by the charter, and, as a corollary of such power, the association has power to waive the by-law limits and accept any persons within the statutory age limits.

4. INSURANCE, § 760*—*when association is estopped to claim violation of by-laws.* A fraternal association which has waived its by-law fixing the age limit of persons accepted as members and has issued a certificate to one beyond such age is estopped to set up the fact that such person was beyond the age limit of the by-law as a bar to recovery on such certificate.

5. INSURANCE, § 760*—*when waiver of by-law as to age limit is established.* In an action to recover on a certificate of membership in a fraternal association whose by-laws and constitution prohibited the acceptance of members over 50 years of age, evidence *held* sufficient to support plaintiff's contention that the insured, who was, at the time the certificate was issued to him, 51, had stated his correct age to defendant's soliciting agent in making his application and that the agent, without insured's knowledge or consent, had falsely stated his age in the application as 45, and that the insured, who could not read or write English, had

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kresin v. Brotherhood of American Yeomen, 217 Ill. App. 448.

signed the application in good faith and without knowledge of such false statement, and to establish a waiver by the association of the age limit fixed in its by-law.

6. INSURANCE, § 760*—*when agent's knowledge operates as waiver of by-law.* Where an applicant for insurance or for admission to a benefit society has fully and frankly disclosed the truth to the agent of such insurance company or society and the agent has falsely recorded or reported the same to or has concealed it from his principal, and the policy or certificate of membership has issued and the insured has paid all premiums and assessments as they have matured and the company or society has accepted them, the agent's knowledge becomes the knowledge of the principal, and the principal will be held to have waived such irregularities and estopped from denying liability on the policy or certificate.

7. WITNESSES, § 212*—*when proper to refuse details of conversation on cross-examination.* Where, on cross-examination of a witness, foundation is laid for impeachment by asking her if, at a certain time, she did not make a certain statement to a named person and she denies that she did, whereupon the person is called and testifies that she did make such statement, it is proper, upon such witness being recalled, to refuse to permit her to testify what she did say in the conversation in question, since the issue involved is not what she said but whether she used the language imputed by the question.

8. INSTRUCTIONS, 131*—*effect of ignoring issues.* An instruction which ignores issues in the case is properly refused.

9. CORPORATIONS, § 43*—*what are charter powers.* An instruction that "the charter powers of a corporation consist of the license or a statute law under which said corporation is doing business," is improper as embodying an incorrect, indefinite and confusing definition.

10. WORDS AND PHRASES—*what terms are not synonymous.* The terms "license" and "statute law" are not synonymous.

11. APPEAL AND ERROR, § 1241*—*when error in instruction cannot be complained of.* An appellant cannot be heard to complain that the court gave at its request an improper instruction though it was marked "refused."

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

W. J. CAREY and F. F. WIERMAN, for appellant; JOHN D. DENISON, of counsel.

LAWRENCE C. WHEAT and BYRON M. MERRIS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellee was named as the beneficiary in a certificate of membership issued to her husband, Herman Kresin, by appellant on October 5, 1915. The application for this certificate of membership, which was signed by the husband, contained the statement that his age was 45 years. In fact he was 51 years old when the application was signed. The by-laws of the order prohibited taking members who were more than 50 years of age.

Upon proof of the death of Herman Kresin being made, appellant refused payment of the certificate. Appellee then brought this suit. Appellant filed the general issue and two special pleas. The first special plea undertook to set up the defense that the contract contained in the policy, or certificate of membership, was ultra vires appellant corporation, because Herman Kresin, the member, was over 45 years of age when the certificate of membership was issued. The second special plea set up as a defense that he falsely and fraudulently represented in his application for membership that he was then 45 years of age, when in truth and in fact he was 51 years of age.

To these special pleas appellee filed several replications of estoppel, the substance of which was that the said Herman Kresin could not read or write the English language; that he truthfully disclosed to the agent of appellant, who filled out the application, his real age, but that the agent, knowing the truth, filled out the application with untrue statements as to his

age without the knowledge of the applicant who in good faith signed the same, and that appellant, knowing the truth as to the age of the applicant, issued the certificate and afterwards received and accepted premiums and assessments from the applicant. Issues were joined on these replications. The case was tried by a jury. The verdict was for appellee for $743.

Appellant argues that the verdict is not supported by a preponderance of the evidence and that in any event it cannot waive the fact that Herman Kresin was at the time the certificate was issued outside of the age limit during which persons could be admitted as members of appellant society as fixed by its charter, nor can it be estopped from raising the question that the issuance of the certificate of membership to him was ultra vires the society as fixed by its charter.

If it be conceded that the rule contended for would apply to such corporate acts as are expressly prohibited by the charter of the corporation, it does not follow that the contract sued on is void, for it is not apparent how it is in violation of any prohibition contained in appellant's charter. Herman Kresin was of course older than the age limit fixed by the constitution and by-laws of the corporation, but the constitution and by-laws of a corporation are not its charter. A charter is a grant from the sovereign power of a State and is not subject to change by the holder at its will or caprice, nor can it be changed in any way except by the power that granted it, while the constitution and by-laws of a corporation may ordinarily be changed by the corporate power, so long as such changed by-laws are within the powers granted by the State. The Supreme Court in *Supreme Lodge K. of P. v. Trebbe,* 179 Ill. 348, 353, says: "Charters are not created by the act of the corporation or association, but are granted by the sovereign power of the State. A constitution of a voluntary association or

a corporation is nothing more than a by-law under an inappropriate name. The power that can enact a by-law, whether called a constitution or not, can alter or abrogate it, unless some higher rule restrains or prohibits a change or repeal. When the authorities speak of a charter they mean an essentially different thing from a law or constitution of the association's own creation." For the same reason the power that can enact a by-law and can alter and abrogate it can also waive its provisions. *Supreme Lodge of K. of P. v. Kutscher*, 179 Ill. 340, 346.

Appellant was organized under the provisions of the statutes of the State of Iowa of 1897 in relation to fraternal associations, section 1824 of which is as follows:

"No fraternal association created or organized under the provisions of this chapter shall issue any certificate of membership to any person under the age of fifteen years, nor over the age of sixty-five years, nor unless the beneficiary under said certificate shall be the husband, wife, relative, legal representative, heir or legatee of such member."

That act was appellant's charter. Under its provisions appellant could not insure or take into its society as a member a person who was younger than 15 years nor older than 65 years. To do so would be an ultra vires act. It had, however, the power by by-law to limit the ages of persons who would be accepted as members to any age between 15 and 65 years and as already seen had the right from time to time to change those limitations to any other ages within the limits provided by the section above quoted, and as a necessary corollary had the power to waive the enforcement of those by-laws and bind itself by issuing certificates of membership to persons younger or older than the age fixed by its by-laws so long as such person was not younger or older than the ages fixed by the statute under which it was organized,

It being true that the fact that Herman Kresin was 51 years of age when he applied to appellant for membership in its association could be waived by appellant, it follows that if it was so waived then appellant is estopped from setting up his overage as a bar to appellee's right to recover.

The issues of fact contended for by appellee before the jury under the pleadings were that Herman Kresin fairly and truthfully disclosed to the agent of appellant who solicited him to become a member of the association what his true age was, and that he was then 51 years of age; that he could not read or write the English language; that the application was made out in the English language by the agent of appellant; that she, without the knowledge of Herman Kresin, well knowing that it was untrue, falsely inserted his age in the application as 45 years when in truth it was 51 years, as she well knew; that the said Herman Kresin then in good faith signed said application not knowing of the false statement therein contained; that appellant, well knowing the facts and the age of the said Herman Kresin, issued to him the certificate of membership sued on and from that time until the death of the said Herman Kresin it accepted and received from him all premiums and assessments that became due under the terms of said certificate. These issues the jury found in favor of appellee. It was its province to determine the weight of the evidence and the credibility of the witnesses. There was ample evidence to support the verdict as to most of those issues, in fact some of them were not disputed and as to the remainder there was sufficient, so that we are not warranted in holding that the verdict is manifestly contrary to the weight of the evidence.

The facts being as found by the jury, no doubt can remain that appellant has waived and is estopped from raising, either by plea of ultra vires or other-

454 APPELLATE COURTS OF ILLINOIS.

Kresin v. Brotherhood of American Yeomen, 217 Ill. App. 448.

wise, the fact that the age of Herman Kresin was incorrectly stated in the application.

It has been repeatedly held by the courts of this State that when the truth has been fully and frankly disclosed by an applicant for insurance or admission into a benefit society to the agent of such insurance company or society, and such agent has falsely recorded or reported the same to or has concealed it from his principal, and the policy of insurance or certificate of membership has issued and the insured had paid all premiums and assessments as the same have matured and the company or society has received and accepted the same, that the knowledge of the agent becomes the knowledge of the principal, and such principal will be held to have waived such irregularities and to be estopped from denying liability on such policy of insurance or certificate of membership. *Phenix Ins. Co. v. Hart*, 149 Ill. 513; *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541; *Provident Sav. Life Assur. Society v. Cannon*, 201 Ill. 260; *Johnson v. Royal Neighbors of America*, 253 Ill. 570; *Farrenhoh v. Holm*, 237 Ill. 94; *Royal Neighbors of America v. Boman*, 177 Ill. 27; *Independent Order of Foresters v. Schweitzer*, 171 Ill. 325.

While Ella Ellison, the deputy who solicited and wrote out the application for membership signed by Herman Kresin, was on the stand as a witness for appellant and was being cross-examined by counsel for appellee, foundation was laid for impeachment by asking her the question: "And after his death, in a conversation that took place in your home, you said to Walter Kresin, his son, he should not have turned that policy in to the company and if he had brought it to you, you would have fixed it all right?" To which question the witness answered "No, sir, I had no power." Later Walter Kresin was called by appellee and testified that she had made the statement to him imputed by the question above quoted. Later

Ella Ellison was recalled and asked what she did say in the conversation referred to. The court properly sustained an objection to that question. The issue was not what she said at the time in question but whether she had used the language imputed to her.

The giving of instructions numbered 2, 4, 5 and 13 in the series asked by appellee is complained of by appellant. They all relate to the charter powers of appellant and are in accord with what has already been said in this opinion. Instruction numbered 20 in the series offered by appellant was properly refused. By it the jury would have been informed that if the application in question was signed by Herman Kresin and was untrue, then the issues should be found for appellant. The question whether the falsity of the application was known to Herman Kresin or not is ignored in this instruction as is also the question whether appellant through its agent or officers well knew the truth in relation to the matters stated in the application.

Appellant asked the court to give an instruction numbered 6 in its series. It informed the jury that "the charter powers of a corporation consist of the license or a statute law under which said corporation is doing business." That definition was incorrect, indefinite and confusing. The terms "license" and "statute law" are not synonymous. Appellant corporation was licensed in Illinois but was chartered in Iowa. This instruction was properly marked "Refused," but it in some way got among the given instructions and the record recites that it was given to the jury. Appellant cannot be heard to complain that the court gave at its request an improper instruction though it was marked "refused."

The court gave an instruction at its own instance and in it stated the law fully as favorably to appellant as could be justified. Certainly it has no cause to complain that it was given.

For the reasons given the judgment of the circuit court is affirmed.

*Judgment affirmed.*