Shea Therese Meyer, a Minor, by Eileen Meyer, Her Mother and Next Friend, Plaintiff, v. Henry Polivat, and Gilbert Heindenreich, Defendants.

Term No. 57–F–8.

Fourth District.
May 15, 1957.
Rehearing denied June 10, 1957.
Released for publication June 11, 1957.

James L. Reed, and James H. Parsons, Jr., of Edwardsville, and C. R. Brady, and Brady, Donovan and Hatch, all of East St. Louis, for defendants.

Baker, Kagy & Wagner, of East St. Louis, for plaintiff, Shea Therese Meyer, a minor.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is a personal injury suit in which the jury returned a verdict of not guilty. The plaintiff's motion for new trial was allowed on the sole ground that an instruction tendered by plaintiff was erroneous or misleading. The defendants' petition for leave to appeal was granted by this court.

■ It is well settled law that a party cannot complain of errors which he has committed, invited, or induced the court to make, or to which he has consented. City of Waukegan v. Stanczak, 6 Ill.2d 594, 608; Johnson v. Luhman, 333 Ill. App. 418, 425; 2 I. L. P. 600, Appeal and Error, Sec. 672.

■ Of necessity this principle must be applied to the tendering of instructions. Obviously, the law cannot tolerate the granting of a new trial to a party because of error in his own instructions. In this state, as well as elsewhere, attempts at such practice have always been repudiated. Fiedler v. Chicago Ry. Co., 196 Ill. App. 403; Warren v. Jackson, 204 Ill. App. 576, 588; Conover v. Wabash Ry. Co., 208 Ill. App. 105, 112; Kresin v. Brotherhood of American Yoemen, 217 Ill. App. 448, 455.

Appellee cites nothing to the contrary, but attempts to have the questioned instruction (which was not numbered nor identified) declared to be a "Court's Instruction," and apparently now disclaims it.

The failure to identify the instruction, as required by the Practice Act, Section 67 [Ill. Rev. Stats. 1955, ch. 110, § 67], might present a problem. However, in this case there is no difficulty; at the conference on instructions, the proceedings were taken down and reported, and are set forth in the transcript.

It appears that another plaintiff's instruction, numbered 4, was objected to by the defense, and the judge indicated he would sustain the objection. Thereupon, plaintiff's counsel said he would prepare another

instruction, stating its proposed content, and contended that, with it, his number 4 instruction would be proper. The judge agreed, and inquired whether counsel would prepare the other instruction. Upon an affirmative answer, the court ruled that number 4 would then be given.

It further appears that plaintiff's attorney did prepare and tender the unidentified instruction. The court announced that the instruction as dictated by plaintiff's attorney would be given.

We find no merit in the assertion that this procedure makes the new instruction one charged only to the court. Of course, all instructions given by the court are the court's instructions in a general sense, but this does not determine who is responsible for an error therein.

It is not necessary to comment on the supposed error in the form dictated by plaintiff's attorney. We hold that where the court indicates he will refuse a tendered instruction unless there is a companion instruction submitted therewith, the tendering party may, at his option, suffer the refusal of the first, or prepare and tender the required companion instruction. If he chooses the latter course, he is responsible for the form he prepares and tenders. The mere fact that the court required a companion instruction as a condition to the giving of another instruction, does not relieve the party preparing the companion of the duty to prepare it in proper form. Any defect therein may be objected to by opposing counsel, but not by the party who prepared it.

Since the granting of the new trial was an error of law, the order for a new trial is reversed and the cause remanded with directions to enter judgment on the verdict.

Reversed and remanded.

CULBERTSON and BARDENS, JJ., concur.