Dye, J.
The sole question presented in this appeal by permission of the Appellate Division, First Department (3 A D 2d 661) is whether, on the facts of this record, a sub-bailee has the benefit of the limited liability enjoyed by the original bailee.
The issue arose out of the following circumstances:
The plaintiff is a local expressman engaged in the business of picking up merchandise from various shippers for delivery to connecting carriers for transportation to points outside the city of New York under contracts limiting plaintiff’s liability to the sum of $50 for each shipment. In the late afternoon of March 19, 1946 the plaintiff picked up 55 packages from six different shippers. Being too late in the day to make delivery to the carrier’s terminals, the plaintiff stored the truck and contents in defendant’s garage for the night. While thus stored, its contents disappeared. The plaintiff then brought this suit against the garage owner on ‘ ‘ behalf of the owners of the goods as bailee of the cargo ”, which practice the defendant challenged in a motion for dismissal of the complaint. That motion was denied (Berger v. 34th St. Garage, 274 App. Div. 414, motion for leave to appeal to the Court of Appeals denied 275 App. Div. 660). At the trial on the merits (which record we now review), there was evidence establishing that the shippers knew that whenever the pickup was too late for delivery to a carrier’s terminal, the plaintiff customarily stored the truck and contents overnight in one garage or another, a practice to which the shippers made no objection.
Upon such a showing, the defendant garageman was not an interloper or stranger to the original bailment, but was in truth and fact the plaintiff’s chosen representative authorized to discharge for the time being their own responsibilities to the original bailor. Such being the fact, the garageman became an agent ad hoc and, while acting pursuant to his authority, was entitled to “ such immunities of the principal as are not personal to the principal ” which, in this instance, was the limited liability as fixed in the original shipping documents (Restatement, Agency, § 347; Schoeffer v. United Parcel *704 Service of N. Y., 277 App. Div. 569; Collins & Co. v. Panama Ry. Co., 197 F. 2d 893, cert. denied 344 U. S. 875).
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Fold, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.