Benjamin D. Duff, Plaintiff-Respondent, v. Charles P. Ewing, Defendant-Petitioner.

Gen. No. 64–42.

Third District.

June 18, 1965.

Knoblock & Ott, of Peoria, for defendant-petitioner.

Young & Sullivan, of Peoria, for plaintiff-respondent.

STOUDER, J.

This is a petition for leave to appeal from an order of the Circuit Court of Peoria County, granting Plaintiff's, Respondent's motion for a new trial.

Respondent commenced his action for personal injuries against Petitioner (Defendant in the trial court) arising from a rear end collision between a motor vehicle operated by Petitioner and one operated by Respondent. A trial was had before a jury which returned a verdict for Petitioner. Respondent filed a post-trial motion alleging error in the giving of certain instructions and that certain cross-examination of Respondent by Petitioner was not germane and was designed to inflame and prejudice the jury. The trial court granted Respondent's motion for a new trial and it is from this order that Petitioner appeals.

The only questions raised by Petitioner on appeal are that the trial court erred as a matter of law in granting a new trial in that: a party cannot complain of instructions where he has not previously objected at the conference on instructions; or where any errors which may exist are harmless and nonprejudicial and where the instructions taken as a whole fairly apprise the jury of the applicable law; and that the cross-examination complained of was germane and not calculated to inflame or prejudice the jury. Respondent argues that an order granting a new trial should not be disturbed unless there was a clear abuse of discretion by the trial court.

■ As has been often stated in cases such as Thomas v. Weber, 14 Ill App2d 562, 145 NE2d 128 a court of review will not disturb the decision of a trial court on a·motion for a new trial unless an abuse of discretion by the trial court is affirmatively shown. The trial court having had the opportunity of considering the conduct of the trial as a whole is in a position to consider the effect of errors which may have occurred and the fairness of the trial to both parties.

■ Much attention is given by both parties as to the matter of instructions given by the court. We do not feel it necessary to go into the matter of the propriety of the instructions or whether Respondent's objections thereto were timely inasmuch as it is not necessary to a determination of this appeal.

With respect to the cross-examination of Respondent complained of in the post-trial·motion, the series of questions involved is as follows:

Q. (by attorney for Petitioner) Now, Mr. Duff, from the abrasions that you received in this accident around your face they have all healed up and left no scars, is that right?

A. Yes, sir.

Q. Mr. Duff, have you ever been involved in a previous accident where you received injuries?

A. Yes, sir.

Q. Were you involved in one in Moline in 1957?

A. Yes, sir.

Q. Did you receive any injuries there?

A. Lost some teeth.

Q. Any injuries that affected those parts of your body that you claim are injured in this accident?

A. Nothing except I lost some teeth.

Q. Were you involved in another accident in about 1931 or 2 where a man was killed?

A. Yes, sir.

Q. Did you receive any injuries in that accident that had any bearing on the injuries you claim in this case?

At this point counsel for Respondent objected and, after an exchange between the court and opposing counsel, the Court advised Petitioner's counsel that the foregoing must be connected up or the jury would be instructed to disregard it. The record shows no further evidence on this point and no further action on the matter either by Respondent or the Court.

■■ We agree with Petitioner that, in considering the propriety of cross-examination, the series of questions as a whole must be considered rather than a single question taken out of context. We also agree that prior injuries, as they relate to a litigant's present state of health, are an appropriate subject of inquiry. It is however, apparent, that prejudice to the rights of a litigant may result from the injection of questions not germane to the issue.

In support of the relevancy of his cross-examination Petitioner relies principally on Chicago Union Traction Co. v. Miller, 212 Ill 49, 72 NE 25, Chamness v. Dawson 44 Ill App2d 176, 194 NE2d 538, Chicago City R. Co. v. Canevin, 72 Ill App 81, and Gordon v. Checker Taxi Co. 334 Ill App 313, 79 NE2d 632. Although these cases support the general principle with respect to prior injuries and present state of health, we do not believe that the facts therein support the contentions of Petitioner. In Chicago Union Traction Co. v. Miller, supra, the cross-examination complained of did not concern previous injuries to the Plaintiff. In Chamness v. Dawson, supra, the court reasoned that the cross-examination of Plaintiff was proper where it appeared that Plaintiff had suffered a fall and unexplained visit to a doctor's office within two years prior to the injury complained of. Also the court found that because Plaintiff's symptoms were subjective, cross-

examination as to the manner in which she held her head prior to the accident complained of, was proper. In the case of Chicago City R. Co. v. Canevin, supra, the cross-examination dealt generally with Plaintiff's previous physical condition and did not interject other prejudicial or irrelevant issues.

We believe that Gordon v. Checker Taxi Co. 334 Ill App 313, 79 NE2d 632, as followed in Miller v. Chicago Transit Authority, 3 Ill App2d 223, 121 NE2d 348, is more applicable to the instant case. In the Gordon case, plaintiff was asked on cross-examination whether she had been involved in a bus collision on a specific date some ten years prior to the accident complained of and whether her injuries at that time had been treated by a certain doctor. Plaintiff's answers to all of those questions were "No" and no other evidence of any type was offered concerning the alleged bus collision and treatment. Plaintiff made no objection to the questions at the time they were asked and, as in the instant case, no objection was made at the close of the trial. The court there held that such cross-examination would have been proper if conducted for purposes of impeachment but that where no impeaching witness was offered such examination was prejudicial and could not result in a fair trial.

By analogy, if in the instant case, the cross-examination had been followed by evidence showing that Respondent had received prior injuries which bore some relationship to the injuries presently complained of, those questions relating to the prior injuries would have been justified. However, the injection of questions implying that Respondent was accident prone, and especially identifying a prior accident as "one in which a man had been killed" where such identification was not necessary to the only proper area of cross-examination, was so prejudicial and inflammatory as to absolutely preclude a fair trial. Such questioning

386

could serve no other purpose than to inflame and prejudice the jury. The failure of the trial court and respondent to have such cross-examination excluded prior to the submission of the issues to the jury cannot correct the impropriety and prejudicial effect of the cross-examination in the first instance.

To paraphrase the principle announced in Bishop v. Chicago Junction Ry. Co. 289 Ill 63, 124 NE 312; "While it is regrettable that this case must be 'retried' because of improper conduct of intelligent and able counsel, yet, if courts of law are to be sources of justice, the rule that parties litigant, regardless of who they may be, shall have secured to them the opportunity to have the issues of their case tried by a jury free from the prejudicial influence of improper conduct of counsel must be strictly enforced."

We find no error in the order of the Circuit Court granting a new trial and such order is therefore affirmed.

Affirmed.

ALLOY, P. J. and CORYN, J., concur.