**George Hollis, et al., Plaintiffs-Respondents, v. Raymond Mateika, Defendant-Petitioner.**

**Gen. No. 65–22.**

Third District.

January 3, 1966.

Rehearing denied February 3, 1966.

Zwanzig, Thompson, Lanuti, Bower & Zwanzig, of Ottawa (John David Zwanzig, of counsel), for defendant-petitioner.

Kevin D. Kelly, of LaSalle (William H. Herring, of Peoria, of counsel), for plaintiffs-respondents.

CORYN, J.

Plaintiffs, George Hollis and Geneva Hollis, husband and wife, brought this personal injury suit against the defendant, Raymond Mateika, in the Circuit Court of LaSalle County. A jury returned verdicts in favor of the defendant, and the trial judge, acting upon plaintiffs' post-trial motion, granted a new trial. Defendants were then granted leave to appeal by this court pursuant to the provisions of Supreme Court Rule 30.

On April 28, 1962, at approximately 7:30 p. m., plaintiffs were proceeding in a southerly direction on Route 51 south from Mendota. Earlier that evening there had been a very heavy rain fall which had caused the railroad underpass just south of Mendota to become flooded. Plaintiffs were able to proceed through this underpass, but were forced to stop their vehicle about three-quarters of a mile south of Mendota, as the heavy rain had caused a creek to overflow. There was about eighteen inches of water over the highway at this point which had caused several automobiles to bunch up. A vehicle operated by one Mr. Caesar was stalled in the southbound lane, and plaintiffs, therefore, stopped their car on the southbound lane approximately thirty feet behind the Caesar car. The plaintiffs' car, as well as the Caesar car and the vehicles in the northbound lane, had their head and tail lights lit. It was dark and raining lightly. There is little variation in either the grade or course of the highway at this location.

William Cenkar, who lived nearby, noticed that a number of cars had stopped or stalled on the overflowed highway, and consequently placed flares on the highway. One of these flares was placed about one hundred feet behind the plaintiffs' car. Cenkar saw the defendant's vehicle come down the highway and collide with the rear of the plaintiffs' vehicle, thereby forcing it forward into the rear of the Caesar car. Both plaintiffs sustained whip lash type injuries as a result of this collision.

Mateika testified that he proceeded through the flooded underpass at Mendota, and when a quarter of a mile from the scene of the accident, he saw headlights ahead, and therefore slowed down so that he was going forty to forty-five miles per hour when two hundred feet behind plaintiffs' car. He stated that he attempted unsuccessfully to brake his automobile when he was about thirty feet behind the Hollis car, and that he had not seen any of the stopped or stalled cars before then. A State Highway Patrolman charged defendant with driving too fast for conditions, to which charge the defendant subsequently entered a plea of guilty.

The trial judge granted the plaintiffs a new trial, stating that the jury verdict for the defendant "was contrary to the manifest weight of the evidence and resulted in a substantial miscarriage of justice." The trial judge obviously felt that the conclusions reached by the jury were unreasonable and not supported by the evidence. The sole issue to be determined in this appeal is whether in so doing the court abused its discretion.

■■ A trial court's decision to grant a new trial will not be disturbed by a court of review unless a clear abuse of discretion is affirmatively shown. Also, a trial court will be allowed greater latitude in granting a new trial than in denying one, and when the issue involved is one of fact, the trial court's determination generally will be affirmed. Thomas v. Chicago Transit Authority, 16 Ill App2d 470, 148 NE2d 833; In re Estate of Velie, 318 Ill App 550, 48 NE2d 431. The reason for these rules is that the trial court has had the opportunity to observe the witnesses and to consider the conduct of the trial as a whole, and is therefore in a better position to determine if justice requires the granting of a new trial. Duff v. Ewing, 60 Ill App2d 382, 208 NE2d 320.

■ In the instant case there is little conflict in the evidence on the issue of liability. It is clear that the defendant had encountered flooded conditions on the

highway three-quarters of a mile from the point of impact, and that lights of stopped and of stalled vehicles, as well as flares, gave warning of a dangerous condition ahead. Yet the defendant, who admitted that he saw these vehicle lights ahead, when he was a quarter of a mile away, made no effort to stop until he was within thirty feet of the Hollis car, and was then required to rely on brakes which had just been driven through a flooded underpass. Under this state of evidence, we conclude that the trial court did not abuse its discretion in granting plaintiffs' motion for a new trial.

Accordingly, the order of the Circuit Court of LaSalle County granting a new trial is affirmed, and this cause is remanded for a new trial.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.