M. Helen Magnani, Administratrix of the Estate of Raymond Martin Magnani, Deceased, Plaintiff-Appellee Cross-Appellee, v. Arnold Trogi, Defendant-Appellee Cross-Appellant.

Gen. No. 11,900.

Second District.

May 4, 1966.

Rehearing denied July 5, 1966.

Jacobs and McKenna, of Chicago, for appellant.

Hall, Meyer, Fisher, Van Deusen, Holmberg & Snook, of Waukegan, for appellee.

CORYN, P. J.

Plaintiff, M. Helen Magnani, individually, and as Administratrix of the Estate of Raymond Martin Magnani, deceased, after leave, appeals here from an order of the Circuit Court of Lake County granting defendant a new trial. Defendant, Arnold Trogi, cross-appeals from an order denying his alternative motion for judgment notwithstanding the verdict.

Plaintiff's complaint states two separate causes of action. In Count I she seeks recovery of $30,000, as Administratrix, for the wrongful death of her decedent, pursuant to the Wrongful Death Act (Ill Rev Stats, c 70, §§ 1, 2). By the second count of the complaint she seeks reimbursement, in her individual capacity, for medical and funeral expenses necessarily incurred by her as the result of the injury and death to her husband, pursuant to the Family Expense Statute (Ill Rev Stats, c 68, § 15).

The Wrongful Death Act provides that any recovery thereunder shall be distributed by the court in which the cause was heard to the widow and next of kin of the decedent, in proportion, as determined by the trial court, "that the percentage of dependency of each such person upon the deceased person bears to the sum of the per-

centages of dependency of all such persons upon the deceased person." Here, any award of the jury, for a wrongful death, would be apportioned by the trial court to the widow and minor son of decedent. There would be no apportionment of any award made under the provisions of the Family Expense Statute.

At Ill Rev Stats, c 110, § 68(3), it is provided that when there are several counts in a complaint "based on different demands upon which separate recoveries might be had, the court shall, on the motion of any party, direct the jury to find a separate verdict on each demand." The Joint Committee drafting the most recent amendments to this section of the Civil Practice Act commented as follows: "Separate verdicts are appropriate only when recovery on different demands is sought in the same complaint. Therefore, the words 'upon which separate recoveries might be had' have been added, making clear that the provision authorizing separate verdicts applies only to separate causes of action based upon separate transactions."

■ In the instant case, there can be no doubt that the recovery sought under each count of plaintiff's complaint was based on separate causes of action, that is, one action for wrongful death, and the other under the Family Expense Statute. Unfortunately, neither party to this suit tendered separate forms of verdict for each of these counts. Rather, a single form of verdict was submitted by the court to the jury without objection from plaintiff or defendant. Using this form the jury returned the following verdict: "We, the jury, find in favor of the plaintiff and against the defendant. We assess the damages in the sum of $19,000." The trial judge, in his memorandum of opinion allowing a new trial, properly expressed the dilemma this verdict created for him by stating: "In the case at bar, there were two counts. Does the single verdict all apply to just one count, or to both counts? It might be that the verdict was all for the

wrongful death action, and nonliability as to the medical expense cause of action." After making this observation, the trial judge then concluded that the verdict must be set aside and a new trial ordered as to both the liability and damage aspects of the case. Although other points have been raised in this appeal, we believe the determinative issue to be whether the trial judge, when faced with this situation, abused his discretion by granting a new trial.

The purpose of vesting the trial judge with power to grant a new trial is to permit him, before losing jurisdiction of the case, to correct errors that he or the jury might have made during the course of the trial. Courts of review have repeatedly stated that they will not disturb the decision of a trial court on a motion for new trial unless a clear abuse of discretion is affirmatively shown. The reason for this rule is that the trial court has had the opportunity to consider the conduct of the trial as a whole, and therefore is in a superior position to consider the effects of errors which occurred, the fairness of the trial to all parties, and whether substantial justice was accomplished. Duff v. Ewing, 60 Ill App2d 382, 208 NE2d 320. Greater latitude is allowed a trial court in granting a new trial than in denying a new trial. Hollis v. Mateika, 66 Ill App2d 267, 213 NE2d 409.

Plaintiff argues that defendant has waived his right to complain of the form of verdict because he did not object to the giving of this form to the jury, but raised the issue for the first time in his post-trial motion. In most instances this would be a valid argument. Here, however, because of the single form of verdict, the jury's determination of liability and damages on each of the two causes of action was not made known. It appears that the jury found liability against the defendant on the

wrongful death action, but any conclusion about what the jury's verdict was regarding liability on the family expense action is pure conjecture. Also, the language of the verdict returned gives no indication of the jury's determination as to what portion of the total verdict of $19,000 it attributed to damages for wrongful death, and what portion, if any, to damages for medical and funeral expenses. The determination of liability and damages, in the first instance, is to be made by the jury.

The jury returned its verdict on December 21, 1962, and the defendant filed his post-trial motion on January 15, 1963, thereby raising this issue for the first time. It was impossible, then, for the court to reassemble the jury and instruct them to correct the error in the form of verdict. People v. DeStefano, 64 Ill App2d 389, 212 NE2d 357. This situation, we conclude, created a proper and substantial basis for the trial judge to grant a new trial, and in so doing he did not abuse his discretion. We are not holding, by this opinion, that the failure to submit to the jury separate forms of verdict in cases involving multiple causes of action should, in every instance, result in the granting of a new trial, but rather, that in the situation presented here it was not an abuse of discretion for the trial judge to grant a new trial.

The order of the Circuit Court of Lake County, granting defendant's motion for new trial, vacating and setting aside the verdict and judgment, and denying defendant's motion for judgment notwithstanding the verdict, is affirmed.

Affirmed.

ALLOY, J. concurs.

STOUDER, J., dissenting.

### DISSENTING OPINION

I do not agree with the opinion of the majority. The record before us clearly shows that Plaintiff waived any individual interest in the verdict. The verdict, then being within the range of the evidence and the law, any possible dilemma facing the trial court was thereby solved.

As was succinctly stated in Hall v. Chicago & N. W. Ry. Co., 349 Ill App 175, 110 NE2d 654 "We are not unmindful of the rule and cases which hold that the trial judge is allowed broad discretion in granting motions for a new trial, and that his actions will not be reversed on appeal except in cases of clear abuse of such discretion; but this rule, like all others, has its limitations. A judge is not empowered to set aside a verdict in any case simply because he does not agree with it. The case at bar presents the question whether the trial court was correct in a ruling of law on which its order granting a new trial is based; defendant has here presented questions which fairly challenge the propriety of the order, and we would not be warranted in disregarding them by simply reiterating the principle that a reviewing court should not interfere with the discretion of the trial judge." In the instant case the trial court's granting of a new trial was based upon a finding that the forms of verdict submitted to the jury were improper. It therefore should be our duty to examine the propriety of this finding in order to determine the limits which were self-imposed upon the discretion of the trial court.

Upon thorough examination of the record before us I am unable to find that Defendant made any objection to the forms of verdict at the conference on instructions or at any time prior to his post-trial motion. It is well settled law that a party cannot complain of errors which he has committed, invited or induced the court to make

or to which he has consented. Meyer v. Polivat, 13 Ill App2d 491, 142 NE2d 747; Waukegan v. Stanczak, 6 Ill2d 594, 129 NE2d 751; Johnson v. Luhman, 333 Ill App 418, 78 NE2d 107. If a party wishes to object to the forms of verdict, he should do so at the conference to settle jury instructions and point out to the trial court where the forms of verdict are defective and prejudicial to his rights. McCormick v. Hahn, 30 Ill App2d 311, 174 NE2d 206; Pruitt v. Motor Cargo Inc., 30 Ill App2d 222, 173 NE2d 851. Defendant's failure to object to the forms at the proper time as well as his later failure to show that he was in fact prejudiced compels me in the instant case to find that the trial court's finding was erroneous and Defendant's motion for a new trial should have been denied.

The question of the effect of the verdict form is the only question considered by the majority opinion. Since, in my opinion, the trial court was in error in its ruling on this point, it should next be the duty of this court to examine the record for other evidence of prejudicial error committed in the trial court, including the matters assigned as error by way of cross appeal, to determine whether the ruling of the trial court can be supported on grounds other than those stated.