Maurice Coleman, Plaintiff-Appellee, v. Opal L. Dent, as Administrator of the Estate of Random Doty, Deceased, Defendant-Appellant.

Gen. No. 50,326.

First District, Fourth Division.

August 31, 1967.

Heineke, Conklin & Schrader, of Chicago (John C. Healy and Sandra W. Bixby, of counsel), for appellant.

Peter Fitzpatrick, of Chicago (Fitzpatrick, Postilion, Zegiel & Heinemann, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This was an action for "hit and run" injuries sustained by plaintiff when, after he had ridden as a passenger in a cab, its door was slammed on his coat and he was dragged for two or more blocks before becoming disengaged, the cab continuing on until it eventually struck a parked car. After a jury trial, judgment was entered for plaintiff against Tim Creed, as the driver of the livery vehicle, and against the Administrator of Random Doty, as the owner thereof, Doty having died prior to trial. Creed did not appeal.

The basic point raised by Doty's Administrator (hereinafter called defendant) on this appeal is that the record does not sufficiently support a conclusion that Doty was the owner of the cab or that there existed an agency relationship between Doty and Creed. There was evidence on these points (which defendant claims was improperly admitted or insufficient in weight to support the verdict), and on the strength of this evidence the trial court, by its instructions, removed from the jury's consideration any question of agency.

 Creed, himself, was called as a witness by plaintiff under section 60 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 60) and testified to both the ownership of the cab by Doty, and his own relationship with Doty as the driver of the latter's livery cab; he paid Doty $9 per day and kept all fares collected. Defendant makes the point that under Fredrich v. Wolf, 383 Ill 638, 642–643, 50 NE2d 755, and other cases, codefendant Creed, when called as a witness for plaintiff under section 60, was nevertheless testifying "in his own behalf" against the codefendant Administrator of Doty, within the meaning of the "Dead Man's Act," and was, therefore, incompetent under the terms of that statute, and his testimony inadmissible as to his codefendant. Ill Rev Stats, 1963, c 51, § 2. In the abstract this proposition is unassailable, but it can furnish no relief to defendant because of another basic tenent of trial proce-

dure which takes precedence and controls our decision on this point. That is, that a party wishing to question the competency of a witness must do so by the timely raising of such specific objection, stating the grounds therefor, and by obtaining the trial court's ruling thereon, if any error in the court's ruling is to be preserved for review. Goldberg v. Capitol Freight Lines, Ltd., 382 Ill 283, 290–291, 47 NE2d 67. None of these things was done by defendant in the instant case. The abstract discloses no objection whatsoever to the testimony of Creed. In examining the record, however (which we may do to support a judgment, though not to reverse it— Pantlen v. Gottschalk, 21 Ill App2d 163, 177, 157 NE2d 548; Okai v. United Roofing & Siding Co., 24 Ill App2d 243, 247, 164 NE2d 237; and Goodman v. Motor Products Corp., 22 Ill App2d 378, 387–388, 161 NE2d 31), we find that objections had been made to Creed's testimony but none on the basis of the Evidence Act. Even those objections are, therefore, inadequate to preserve the point now argued. In Spencer v. Burns, 413 Ill 240, 249, 108 NE2d 413, the court said:

> We do not find that the objection now made in this court was made when the evidence was offered, though several objections were made on other grounds. On review, we have held that specific objections to evidence, based solely on particular grounds, are a waiver of objections to all grounds not specified or relied upon.

See also Bonczkowski v. Kucharski, 13 Ill2d 443, 454–455, 150 NE2d 144; and Clarke v. Storchak, 384 Ill 564, 582, 52 NE2d 229.

█ In the absence of a recorded objection to support her contention, defendant refers us to the post-trial motion in which she stated:

> As the court will recall (the testimony of Creed was admitted), despite the objections of your

338

movant . . . based upon the so-called Dead Man's Act . . . .

From this reference alone, we are asked to take note that such an objection had, in fact, been made in chambers, out of the presence of the court reporter, filling in the gaps in the record by utilizing our "practical knowledge of the conduct of a trial in the lower court." This we cannot do. A fundamental failure in the record cannot be compensated for so obliquely.

A police sergeant testified about his weeks of effort in running down information which led him eventually to the cab, to Creed, and to Doty. He said he had located Doty through the vehicle license registration as the owner of the cab with authority to use it as a public livery. He further testified that in one of his conversations with Doty, the latter had said that he, himself, operated the cab part of the time and that part of the time it was driven by Creed; that Creed paid him so much to use the car; that Creed then had the use of the car during certain hours and made a living with it.

■ As to the evidence just recited, defendant says that it was insufficient by itself to warrant the court's action in taking the agency question from the jury. In taking this position, defendant fails to recognize that there was no countervailing evidence whatsoever. We believe that the sergeant's testimony was probably enough to be determinative of the agency question. But, of course, in the view we take of Creed's testimony, neither of the two segments of evidence stands alone, as they strongly complement and corroborate each other.

Additional points were raised in defendant's brief, but were withdrawn on oral argument.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.