WILLIAM A. BAUER, Plaintiff-Appellant, *v.* MARY TIMUCCI, Defendant-Appellee.

(No. 57231;

First District (2nd Division)—November 4, 1975.

*Rehearing denied December 31, 1975.*

Fishman & Fishman, of Chicago (Gerald B. Saltzberg and Sidney Z. Karasik, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Leonel I. Hatch, Jr., and D. Kendall Griffith, of counsel), for appellee.

Mr. JUSTICE HAYES delivered the opinion of the court:

Plaintiff-appellant William Bauer (hereinafter plaintiff) brought a negligence action against defendant-appellee Mary Timucci (hereinafter defendant) for damages for personal injuries sustained in an automobile collision (apparently a whiplash soft tissue injury of the neck and back). Plaintiff was a passenger in an automobile which was rear-ended by defendant. In a jury trial, at the close of all the evidence, plaintiff's motion for a directed verdict on the issue of liability was allowed. Respective counsel then made closing arguments on the sole remaining issue of damages. Toward the end of defense counsel's argument, his attention was first attracted to plaintiff (who was sitting with his attorney at the plaintiff's counsel table) by plaintiff's sobbing. When counsel looked at plaintiff, he saw that plaintiff, still seated, had turned away from the table, had his head down toward his legs with his handkerchief out, and was holding the back of his neck and head, swaying and crying. When counsel completed his closing argument a short time later, he checked with his associate counsel and with his client and was informed that plaintiff had been conducting himself in the same way at various times all during the closing arguments. Meanwhile, plaintiff's counsel had begun his rebuttal argument. Defense counsel interrupted to ask leave to bring the matter of plaintiff's conduct to the attention of the court and requested a sidebar conference. The conference was off the record, so that what was said is not known. When plaintiff's counsel resumed his rebuttal argument, he said to the jury: "Ladies and gentlemen, I want you to remember your oath. I agree with Mr. Hatch [defense counsel] in only one respect, don't let sympathy play any part in it." Counsel then completed his rebuttal argument and the case was given to the jury on the issue of damages. The jury returned a verdict for plaintiff in the amount of $37,500; plaintiff's special damages, which were contested, amounted to from $7000 to $7,300.

Defendant filed a post-trial motion for a new trial, based on several grounds including the contention that the amount of the verdict was excessive as the result of plaintiff's improper conduct during the closing arguments. After a hearing on the motion, the trial court granted a new trial on the issue of damages only, because it thought that defendant had not had a completely fair trial owing to the likely prejudicial effect of plaintiff's conduct on the jury. The court, however, expressly refused to find that plaintiff's conduct was either simulated or intentional; the court stated that it simply did not know. The court also stated that it had observed plaintiff's conduct before defense counsel had called attention to it.

Pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1971, ch. 110A, par. 306), plaintiff petitioned for leave to appeal from the grant of the

new trial. Defendant filed a response to plaintiff's petition. We granted the leave. Petitioner then elected to have his petition serve as his appellate brief. Defendant also elected to allow her response to serve as her answering brief, together with a two-page supplemental answering brief in further response to a contention in plaintiff's brief. Plaintiff then filed a reply brief.

We formulate the respective contentions of plaintiff and defendant on this appeal as follows:

(A) Plaintiff raises the following threshold contention that, in the trial court, defendant waived the matter of plaintiff's conduct:

(1) Since the record does not show that defense counsel moved for a mistrial on the ground of plaintiff's conduct during the closing arguments before the case was sent to the jury on the issue of damages, it must be taken as a fact that he did not do so at that time.

(2) Since he did not do so at that time and since that time was the time when he was required to do so in order for his objection to be timely, he must be deemed to have waived the matter of plaintiff's conduct and could not raise that matter for the first time in the post-trial motion for a new trial, and it was error for the trial court to permit him to do so and to grant a new trial on that ground on the issue of damages only.

In response to this threshold contention of plaintiff, defendant contends:

(1) The presumption of regularity (*i.e.*, the presumption that the judgment or order appealed from is correct and in accord with the law and the facts) creates in this case an initial presumption that defense counsel did move for a mistrial on the ground of plaintiff's conduct, at the sidebar conference before the case was given to the jury. The burden of showing from the record that he did not do so is therefore on plaintiff; and plaintiff must affirmatively show the failure to make the motion, so that the mere silence of the record as to whether counsel did or did not so move does not sustain plaintiff's burden.

(2) But even if it be assumed that defense counsel in fact did not then so move, the normal requirement that he do so at that time is not applicable here, because the purpose of the requirement could not have been achieved. The purpose of the requirement that the ob-

·jection be made before the case is given to the jury is to avoid a second trial. But, under the instant circumstances, even if defense counsel had moved for a mistrial at the sidebar conference, a second trial could not have been avoided. If the motion had been allowed, a second trial would occur. If the motion had been denied, the matter could be raised on the motion for a new trial and again, as shown by what in fact happened here, a second trial would result. If the trial court had reserved its ruling, again, as shown by what in fact happened here, a second trial would result. Since therefore, the purpose of the normal rule that timeliness requires that the objection be made before the case goes to the jury could not have been achieved, that normal rule is inapplicable and defendant's raising of the matter in her motion for a new trial was timely under the circumstances of this case.

(B) Plaintiff then raises the following two substantive contentions, each of which defendant simply denies:

(1) Under Illinois case law, plaintiff's conduct during the closing arguments did not constitute legally sufficient grounds for the exercise of the trial court's discretion to grant a new trial on the issue of damages. Hence, the trial court abused its discretion.

(2) If the trial court, which had itself observed plaintiff's conduct all during the closing arguments even before defense counsel had called attention to it, had deemed the conduct prejudicial, then what the court should have done was to order a mistrial *sua sponte* before sending the case to the jury; and its failure to do so constituted an abuse of discretion. Hence, even if it be held that the court had legally sufficient grounds to grant a new trial, its doing so was still an abuse of discretion because it was a direct consequence of its initial abuse of discretion in failing to order a mistrial *sua sponte*.[1]

---

[1] In his reply brief, plaintiff makes the additional contention that there was no showing that plaintiff's conduct had in fact prejudiced the jury the record shows merely that the trial court thought, judging from the amount of the verdict, that the likelihood of prejudice was such that defendant had not had a completely fair trial. Since this contention was made for the first time in plaintiff's reply brief, we cannot consider it. (Ill. Rev. Stat. 1971, ch. 110A, par. 341(g).) It is clear that plaintiff's reply brief is not the supplemental brief provided for in Supreme Court Rules 306(g) and 341(h). Ill. Rev. Stat. 1971, ch. 110A, pars. 306(g) and 341(h).

OPINION

We deal first with plaintiff's threshold contention. Defendant's appellate counsel was not her trial counsel. Hence, on oral argument, defendant's appellate counsel stated candidly that he did not know whether in fact her trial counsel had moved for a mistrial before the case was given to the jury; if he had, he must have done so at the sidebar conference, which was off the record. At the hearing on defendant's motion for a new trial, defendant's trial counsel first said that he had so moved at the sidebar conference; when plaintiff's counsel denied it, defendant's trial counsel then said he thought he had so moved at that time. The trial court had directed defendant's counsel to make his record after the jury had retired for its deliberations, but there is nothing in the record to indicate that counsel did so; he simply raised the matter of plaintiff's conduct as one ground for his motion for a new trial.

Plaintiff has demonstrated that the record does not show that defendant's trial counsel moved for a mistrial before the case was given to the jury. We think that is an adequate demonstration that he did not do so. Defendant pushes the presumption of regularity too far when she concludes that that presumption must be construed to require plaintiff to make an "affirmative" record showing that defendant's trial counsel did not so move. It is unreasonable to require plaintiff to make an "affirmative" record showing that a motion was not made. It is also impracticable, because the requirement could not be fulfilled without in effect inviting defense counsel so to move. Defendant cannot, by post-trial motion, make the claim that a point was raised at trial where the trial record does not so reflect. In *Coleman v. Dent* (1967), 86 Ill.App.2d 335, 229 N.E.2d 911, defendant urged in her post-trial motion that certain evidence was erroneously admitted at trial because it was incompetent under the Dead Man's Act. However, no recorded objection on this ground was made at trial. The court refused to consider the question on appeal stating,

> "From this reference alone [in the post trial motion], we are asked to take note that such an objection had, in fact, been made in chambers, out of the presence of the court reporter, filling in the gaps in the record by utilizing our 'practical knowledge of the conduct of a trial in the lower court.' This we cannot do. A fundamental failure in the record cannot be compensated for so obliquely." 86 Ill.App.2d, 335, 339, 229 N.E.2d 911, 913.

Similarly, in *Goldschmidt v. Chicago Transit Authority* (1948), 335 Ill.App. 461, 82 N.E.2d 357, plaintiff argued on appeal that the court should have instructed the jury not to consider the issue of whether plaintiff was guilty of wilful and wanton misconduct proximately causing his

injuries since there was no evidence on this issue. The court rejected this argument, stating,

> "A party is not permitted to lie by and speculate on his chances for a verdict and then raise objections which should have been raised during the trial. Plaintiff recognizes these principles, but insists that he 'did strenuously object to the submission of this issue during the discussion of instructions in chambers at the conclusion of all the evidence before the jury retired,' and that the court overruled his objections." (335 Ill.App. 461, 467, 82 N.E.2d 357, 360.)

The court also noted that it had examined the record and two supplemental records and was unable to find a record of the plaintiff's motion. It also noted that it would have been a simple matter for counsel to cause the reporter to reflect, in the judge's presence, the motions and rulings, if any, which were made in chambers.

■■ Here, defendant's counsel admits that the trial judge asked him to make a record as to what transpired at the sidebar conference. This was not done. We, therefore, conclude that the record does not adequately reflect that a motion for a mistrial was made before the cause went to the jury.

Plaintiff then contends that counsel had to move for a mistrial before the case was given to the jury in order for his motion to be timely; not having done so, he has waived the matter of plaintiff's conduct and cannot raise it for the first time in his motion for a new trial. Defendant concedes that under normal circumstances, timeliness would so require; but under these circumstances where plaintiff's conduct occurred during closing arguments, the function of the normal timeliness requirement (namely, to avoid a second trial) could not have been achieved, so that the normal requirement (see *La Belle v. Brown* (1964), 46 Ill.App.2d 87, 196 N.E. 2d 389 (abstract opinion)) ought not to apply; and raising the matter for the first time in the motion for a new trial was still timely, so that it was not error for the trial court to permit defense counsel to do so and to grant a new trial on that ground on the issue of damages only.

We think defendant has not accurately formulated the function of the normal requirement of timeliness. That function is not simply to avoid a second trial, but to avoid a second jury trial where the first jury trial has reached the stage of a returned verdict. It is the two verdicts which, as plaintiff's brief points out, constitute the objectionable "two bites at the apple." Had the motion for a mistrial been timely made before the case was given to the jury and had it been allowed, a second trial could not have been avoided, but a second verdict could have. See *Chicago & Erie R.R. Co. v. Meech* (1896), 163 Ill. 305, 317, 45 N.E. 290.

·Defendant might rejoin that, since the trial court directed defendant's trial counsel to make his record after the case had been given to the jury, the reasonable inference would be that, even had counsel timely moved for a mistrial, the trial court would have reserved its ruling on the motion and would then, after the verdict had been returned, have allowed the motion and produced the same "two verdict" result. But that is not necessarily so; if it is the amount of the verdict which persuades the trial court that plaintiff's conduct likely prejudiced the jury in plaintiff's favor, the device of the remittitur is available to redress the prejudice without a new trial and a second verdict. Ill. Rev. Stat. 1971, ch. 110, par. 68.1(7).

■■ We conclude that plaintiff's threshold contention that defendant waived the matter of plaintiff's conduct as a ground for his motion for a new trial, by failing timely to move for a mistrial on that ground, is correct. As a result, it was reversible error for the trial court to permit defendant to urge that ground for his motion and to grant the motion on that ground.

Even if, however, we had not reached our conclusion as to plaintiff's threshold issue of waiver, we would reach the same result (of reversing the instant grant of the new trial) on the merits of plaintiff's first substantive contention that it was an abuse of discretion for the trial court to grant the new trial because plaintiff's conduct did not constitute legally sufficient grounds to do so. We now address ourselves to that issue.

We begin by acknowledging that the grant or denial of a new trial rests within the sound discretion of the trial court and that, unless it affirmatively appears that the trial court abused its discretion, the reviewing court will not interfere. (*City of Chicago v. Chicago Title & Trust Co.* (1928), 331 Ill. 322, 163 N.E. 17; *Gainer v. Bates* (1973), 14 Ill.App. 3d 297, 302 N.E.2d 463.) We also recognize that a trial court has been accorded a greater degree of discretion in granting a new trial than in denying one. *Lombard Park District v. Chicago Title and Trust Co.* (1968), 103 Ill.App.2d 1, 242 N.E.2d 440; *Magnani v. Trogi* (1966), 70 Ill.App.2d 216, 218 N.E.2d 21; *Hollis v. Mateika* (1966), 66 Ill.App.2d 267, 213 N.E.2d 409.

■■ Nevertheless, there are limits to a trial court's discretion to grant a new trial on the ground of the prejudicial conduct of a party. (*Wettaw v. Retail Hardware Mutual Fire Insurance Co.* (1936), 287 Ill.App. 284, 4 N.E.2d 885.) Focusing on the specific matter of emotional outbursts by a party during a jury trial as a ground for a post-trial motion for a new trial, we note that Illinois reviewing courts have often sustained the *denial* of a new trial on that ground and, in doing so, have had occasion to discuss the legal sufficiency of that ground as a basis for the exercise of judicial discretion in *granting* a new trial on that ground. (*Chicago & Erie R.R.*

 

*Co. v. Meech* (1896), 163 Ill. 305, 45 N.E. 290; *Lakin v. South Side Elevated R.R. Co.* (1913), 178 Ill.App. 176; *Blachek v. City Ice & Fuel Co.* (1941), 311 Ill.App. 1, 35 N.E.2d 416; *Ellison v. Sinclair Refining Co.* (1963), 41 Ill.App.2d 436, 190 N.E.2d 635; *Buckler v. Sinclair Refining Co.* (1966), 68 Ill.App.2d 283, 216 N.E.2d 14; *Halpin v. Pekin Thrifty Drug Co.* (1967), 79 Ill.App.2d 153, 223 N.E.2d 708.) While the *Meech* case is old, it is the only Illinois Supreme Court opinion which we have found on the specific issue. We note that the opinion states that, unless the "dramatic occurrence" is intentional or is the result of an improper motive,[2] "[t]he fact that a plaintiff * * * suddenly swoons or faints, or gives vent to hysterical exclamations, or breaks down with hysteria, does not call for the granting of a new trial." (*Chicago & Erie R.R. Co. v. Meech* (1896), 163 Ill. 305, 317.) In the instant case, the trial court expressly refused to find that plaintiff's conduct was either intentional or simulated, and we do not think that plaintiff's described conduct was any more "dramatic" than the conduct referred to in *Meech*. We are aware of the dictum in *Buckler v. Sinclair Refining Co.* (1966), 68 Ill.App. 2d 283, 295, to the effect that emotional outbursts, even though neither intentional nor simulated nor improperly motivated, may yet be so aggravated and repeated, or their prejudicial impact on the jury may be so apparent, as to have exerted an unquestionable influence on the jury's ability to try the issues fairly, in which event they may be grounds for a new trial. Again, however, we do not think that plaintiff's conduct in the instant case can reasonably be regarded as approaching that extreme. Indeed, that is one reason why we see no merit in plaintiff's second substantive contention that the trial court had any duty to order a mistrial *sua sponte*.

Finally, we think that the only case we have found in which this court reversed the *denial* of a new trial on the basis of its opinion that plaintiff's emotional outbursts has prejudiced the defendant is distinguishable. (*Stephans v. Chicago Transit Authority* (1960), 28 Ill.App.2d 229, 171 N.E.2d 229.) In *Stephans*, this court also thought that the prejudice could not be cured by a remittitur. In the instant case the matter of a remittitur was not mentioned, and the trial court, in granting the new trial, did not find that whatever prejudice it discerned to defendant's right to a completely fair trial, arising from plaintiff's conduct and reflected in the amount of the verdict, could not be cured by a remittitur.

 For the foregoing reasons, we conclude that the trial court abused

---

[2] We note in passing that other jurisdictions have held that this factor is immaterial (*e.g.*, *Hays v. Herman* (1958), 213 Ore. 140, 322 P. 2d 119).

its discretion in granting a new trial, for the reason that plaintiff's conduct herein did not constitute legally sufficient grounds for doing so.

For all the foregoing reasons, we reverse the order of the circuit court of Cook County granting defendant a new trial on the issue of damages only and remand with directions to enter judgment on the verdict.

Reversed and remanded with directions.

DOWNING, P. J., and STAMOS, J., concur.