DOLLY HARRISON, Special Adm'rx of the Estate of Synobia Robinson, Deceased, Plaintiff-Petitioner, *v.* THE CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Respondents.

First District (4th Division)    No. 61863

Opinion filed April 28, 1977.—Rehearing denied May 26, 1977.

Fishman and Fishman, of Chicago, for petitioner.

Edward J. Egan, John J. O' Toole, and J. Richard Stanton, all of Chicago, for respondents.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County in a personal injury action, granting the Chicago Transit Authority (C.T.A.) a new trial after a jury verdict for $31,000 was returned in favor of the plaintiff, Dolly Harrison. Pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1975, ch. 110A, par. 306), the petition of Dolly Harrison for leave to appeal the order granting a new trial was heretofore allowed by this court.

The issues presented for review are whether the claimed prejudice, for which a new trial was ordered, was waived and whether the trial judge abused his discretion in ordering a new trial. The pertinent facts follow.

During the personal injury trial in the court below, and while cross-examining a doctor, defense counsel held in his hand certain notes of a

treating nurse. Plaintiff's attorney objected to what looked like a question being read from the notes, by saying:

> "Your Honor, I would object in that he is reading and he has inferred it is in the nurse's notes. The doctor's own history indicated and we do not deny that the mass did come two or three weeks before, but I would object to Mr. Stanton's lying, of trying to examine this man by putting in questions of that nature.
>
> Mr. Stanton: Your Honor, is the Court going to permit counsel to make that type of statement in front of the jury, using 'lying'?
>
> Mr. Pendergast: I said 'line,' l-i-n-e, your Honor.
>
>        * * *
>
> The Court: The Judge is duty-bound to protect all the lawyers in his courtroom and the jurors and all the officers of the Court. I will strike that. It is not to be repeated."

Later, during closing arguments, plaintiff's counsel again inferred that defendant's attorney was a liar, by saying:

> "I think that we live in a time where the very nature of my profession is in dispute as to the conduct of lawyers and attorneys.
>
> I do not think that personality should interfere in a trial. I know of no name calling of anyone in front of the jury. Now, I remember taking exception to that, ladies and gentlemen of the jury, that statement that indicated Mr. Stanton was a liar, in front of the jury.
>
> Now, whether or not I think that he is a liar, is something that you people would not know.
>
> Mr. Stanton: Object to this line of argument.
>
> The Court: Sustained.
>
> Mr. Stanton: I move that it be stricken from the jury and the jury be instructed to disregard it.
>
> The Court: I will strike it. Disregard that."

The plaintiff contends at the time of each of the alleged prejudicial statements the defendant made no motion for a mistrial. Therefore, any claimed prejudice was waived and could not be raised in the form of a post-trial motion after a verdict has been entered, as this would give the defendant two verdicts or, as plaintiff's brief points out, constitutes "two bites at the apple."

Plaintiff relies on *Bauer v. Timucci* (1975), 33 Ill. App. 3d 1051, 339 N.E.2d 434, to support her position. However, *Bauer* is inapplicable because the prejudicial conduct alleged in *Bauer* was not immediately objected to, nor was a motion for a mistrial entered, whereas in the case at bar objections were immediately entered and arguments were postponed by the trial judge.

The Illinois Supreme Court recognized a simple objection is enough to preserve the issue of misconduct for consideration on a post-trial motion.

In *Appel v. Chicago City Ry. Co.* (1913), 259 Ill. 561, 567, 102 N.E. 1021, the court stated:

"The improper argument or other misconduct complained of must be brought to the attention of the court and a ruling of the court either made or refused before the question can arise in an appellate tribunal. Where objections made to improper argument are sustained, counsel is corrected and the jury are instructed to disregard it, the improper argument cannot usually be made the basis of reversal. But upon a motion for a new trial the question still remains whether the defeated party, in view of the whole record, has had a fair trial, and this question is committed to the discretion of the trial court * * *." See also *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.

■■ Defense counsel entered timely objections to the remarks at trial and specifically set forth the errors in his post-trial motion. The issue of whether the defendant was denied a fair trial was properly preserved.

The question now remains whether the trial judge abused his discretion in ordering a new trial.

Plaintiff contends the trial judge abused his discretion since the alleged accusation upon which he based his decision was never made and was always denied.

■■ Generally, the allowance or refusal of a motion for a new trial is within the discretion of the trial judge because in passing on the motion he has the benefit of his previous observation of the participants, their manner of speaking, and of the circumstances aiding in the determination of credibility. This deference given a trial judge by courts of review is nowhere more justified than when applied to a question of prejudicial conduct of counsel before a jury. The trial judge is in a much better position to determine the prejudicial effect of counsel's conduct.

The difficulty and subtlety of the question of prejudicing a jury by improper conduct of attorneys has been commented upon in *Crutchfield v. Meyer* (1953), 414 Ill. 210, 214, 111 N.E.2d 142, where the court said:

"The heat and partisanship engendered in a lawsuit are both understood and recognized by this court, but, while allowing certain latitude to attorneys in the sincere representation of their clients, we cannot approve practices which clearly appear to bring improper matters to the attention of the jury for prejudicial purposes thereby obtaining unfair advantages."

The record reflects the granting of a new trial was based on a finding that unsubstantiated accusations were made by plaintiff's counsel, of dishonorable conduct on the part of opposing counsel, which caused prejudice in the jury toward the defendant and denied the defendant a fair trial. After a careful examination of the entire record, we are of the

opinion the trial judge properly exercised his discretion in granting defendant a new trial.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.