SUSIE BROWN, Co-Adm'r of the Estate of Eliza White, Deceased, Plaintiff-Appellant, v. NADER BOZORGI, Defendant-Appellee.

First District (3rd Division)   No. 1—91—0423

Opinion filed September 16, 1992.

James C. Harman, of Thomas R. Cirignani & Associates, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Richard L. Murphy, and Susan Condon, of counsel), for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a trial in this medical malpractice action, the jury rendered a verdict for defendant, Dr. Nader Bozorgi. Plaintiff, Susie Brown, the co-administrator of the estate of Eliza White, the deceased, now appeals from the trial court's denial of her post-trial motion for a new trial based on defendant's alleged violation of an *in limine* order barring the mention of settlement agreements with codefendants.

We find that the *in limine* order was not violated and, thus, we affirm.

On April 23, 1987, Eliza White, plaintiff's decedent, entered the Concord Medical Center for a surgical procedure known as a laparoscopic tubal ligation. Defendant, an obstetrician-gynecologist, was the surgeon and Dr. Carlos Del Busto was the anesthesiologist. Shortly after the surgery began, Ms. White went into cardiac arrest and when resuscitation efforts proved unsuccessful, she died.

Plaintiff filed her complaint against the medical center and Dr. Del Busto, the anesthesiologist, and then filed her second amended complaint, joining Dr. Bozorgi as a defendant.

In 1989 the medical center entered into a settlement agreement with plaintiff and was dismissed from the suit. In October 1990, when trial was to begin, Dr. Del Busto was dismissed from the suit based on a settlement. Plaintiff then filed a third amended complaint against only Dr. Bozorgi.

Before trial, the court granted plaintiff's motion *in limine*:

"That the Defendant, NADER BOZORGI and his attorneys and witnesses are prohibited from making any comments or arguments in front of the jury relating to the settlement agreements made between the Plaintiff and Carlos Del Busto, M.D. and Concord Medical Services."

At trial the jury heard evidence recounting the events leading to the patient's death, including the resuscitative measures taken, the experts' opinions as to the appropriate standard of care under the situation, and the in-court testimony of Dr. Del Busto.

The record reveals, and the parties do not dispute, that Dr. Del Busto improperly inserted a tube into the patient's esophagus instead of her windpipe. Consequently, the patient could not receive any oxygen into her lungs through the tube which resulted in her death.

The issue at trial was whether defendant shared in the responsibility for the patient's death. Acknowledging the misintubation, plaintiff sought to impose liability on defendant on the theory that the deceased would not have died if defendant had applied appropriate resuscitative measures and that he had a duty to make such an effort.

In contrast, defendant's position was that the patient's death was caused solely by the improper intubation by Dr. Del Busto before the surgery.

The jury received the following instructions on concurrent negligence other than defendant's:

"More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff,

it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant." Illinois Pattern Jury Instructions, Civil, No. 12.04 (2d ed. 1971).

The jury rendered a verdict in favor of defendant and plaintiff's subsequent motion for a new trial was denied.

The sole issue on appeal is whether plaintiff was entitled to a new trial on the grounds that in closing argument, defense counsel violated the trial court's *in limine* order precluding comments regarding settlement agreements by the following three remarks:

"MR. MURPHY [Defense counsel]: He [plaintiff's counsel] did not read anything in there where Dr. Brunner [plaintiff's expert] had an opinion that Dr. Bozorgi did anything wrong, did he? The opinion that Dr. Brunner expressed, the opinion that the doctor who was the only expert for the Plaintiff expressed in those answers was that the anesthesiologist made a mistake, was negligent; caused Eliza White's death. But Dr. Del Busto walks away from this death.

MR. CIRIGNANI [Plaintiff's counsel]: Objection, as to what Dr. Del Busto does in this regard, Judge.

THE COURT: The objection is overruled.
* * *
MR. MURPHY: Now what's the case about? It's not just the death of Eliza White. You know who caused Eliza White's death. Dr. Del Busto caused her death, but he walks away from this.

MR. CIRIGNANI: Judge, I am going to show my continuing objection to the characterization.

THE COURT: The objection is noted. The objection is overruled. You may proceed.
* * *
MR. MURPHY: How? Why is this case pending against Dr. Bozorgi? It's not because he did anything wrong, it's because of greed.

MR. CIRIGNANI: Judge, I have a further objection based on your ruling in limine.

THE COURT: The objection is sustained as to the last portion of remarks. The jury is told to disregard it."

Plaintiff argues that the above-cited comments by defense counsel violated the order *in limine* because, by inference and innuendo, they

eluded to the concept that there had been a settlement agreement and, absent this error, the verdict might have been different.

Defendant responds that (1) plaintiff's claim of prejudice was not properly preserved because she failed to move for a mistrial when the remarks were made; (2) on its face, the statements complained of did not violate the order; and (3) even if a violation of the order existed, plaintiff failed to establish that the verdict was the result of prejudice.

The threshold question, raised by defendant, is whether or not plaintiff waived her claim by failing to move for a mistrial when the contested comments were made by defense counsel.

Defendant relies on *Bauer v. Timucci* (1975), 33 Ill. App. 3d 1051, 339 N.E.2d 434, where plaintiff's failure to make a timely motion for mistrial was deemed a waiver of the error as a basis for a new trial. *Bauer*, 33 Ill. App. 3d at 1057.

However, courts have clearly distinguished *Bauer* on the ground that the prejudicial conduct alleged in *Bauer* was not raised in the form of either an objection or a motion for mistrial. *Wright v. Yellow Cab Co.* (1983), 116 Ill. App. 3d 242, 254, 451 N.E.2d 1313; *Harrison v. Chicago Transit Authority* (1977), 48 Ill. App. 3d 564, 565, 363 N.E.2d 81.

■ A simple objection is sufficient to preserve the issue of misconduct for consideration on a post-trial motion. (*Wright*, 116 Ill. App. 3d at 254; *Harrison*, 48 Ill. App. 3d at 565.) If counsel entered timely objections to the remarks at trial and specifically set forth the errors in his post-trial motion, then the issue has been preserved for our consideration. *Wright*, 116 Ill. App. 3d at 254-55; *Harrison*, 48 Ill. App. 3d at 566.

Under the guidelines enunciated in *Wright* and *Harrison*, plaintiff properly preserved this issue on appeal by objecting to the remarks at trial and including the issue in her written post-trial motion.

Next we address whether or not defendant violated the trial court's order which prohibited any comments or arguments relating to plaintiff's settlement agreements with Dr. Del Busto and the medical center.

■ A new trial is appropriate only when there is a showing that the *in limine* order is specific by its terms and that the violation is clear. (*Northern Trust Bank v. Carl* (1990), 200 Ill. App. 3d 773, 778, 558 N.E.2d 451.) However, a new trial may follow only where the violation has prejudiced the party or denied him a fair trial. (*Northern Trust Bank*, 200 Ill. App. 3d at 778.) The clarity of the prohibition in the *in limine* order is not disputed.

■ The three contested remarks, on their face, do not mention any settlement agreements. Plaintiff concedes that settlement was not mentioned directly but argues that "these comments elude to the concept that there has been a settlement agreement." However, we believe that the import of defense counsel's arguments does not reveal such a veiled reference to the settlement agreements so as to constitute a clear violation of the *in limine* order.

In the first two contested remarks during closing arguments, defense counsel stated that "Dr. Del Busto walks away from this death" and "Dr. Del Busto caused her death, but walks away from this." These comments focused on information which the jury already knew, *i.e.*, Dr. Del Busto was negligent and was not on trial. From the evidence presented during trial, notably including the live testimony of Dr. Del Busto, the jury obviously knew the part played by Dr. Del Busto in the surgery and knew that he was not a defendant at the trial.

Moreover, the remarks were based on the evidence and advanced the same position taken by defendant throughout the trial, *i.e.*, the sole proximate cause of the patient's death was the negligent conduct of Dr. Del Busto. *Skelton v. Chicago Transit Authority* (1991), 214 Ill. App. 3d 554, 583, 573 N.E.2d 1315 ("[c]ounsel is allowed to comment on the evidence introduced and to draw reasonable inferences therefrom").

In the third contested remark defense counsel argued that the case was pending against defendant "not because he did anything wrong [but] because of greed." Plaintiff asked the jury for a $4.9 million award which, in virtually anyone's estimation, is a substantial amount of money. Defendant maintained at trial that he did not cause decedent's death and defense counsel's argument that the trial went forward due to plaintiff's desire for a large monetary award is consistent with defendant's stance.

We do not believe that the term "greed" implies that plaintiff had received money from other sources; however, the trial court sustained the objection and directed the jury to disregard it. The judge's directions have been held to cure such alleged prejudice. *Skelton*, 214 Ill. App. 3d at 583; *Northern Trust Bank*, 200 Ill. App. 3d at 779.

Since the evidence presented at trial supports the remarks and the information conveyed was already known by the jury, it is difficult to imagine that these disputed arguments could have changed the outcome of the trial. As evidenced by the instructions on concurrent negligence, the jury was well aware that defendant could share the re-

sponsibility for the patient's death and thus had the opportunity to reject defendant's position.

A trial court's decision to grant or deny a motion for new trial will not be disturbed absent a clear abuse of discretion. *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 548, 416 N.E.2d 268; *Smith v. Perlmutter* (1986), 145 Ill. App. 3d 783, 785-86, 496 N.E.2d 358; *Laff v. John O. Butler Co.* (1978), 64 Ill. App. 3d 603, 621, 381 N.E.2d 423.

We find that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

Judgment affirmed.

TULLY and CERDA, JJ., concur.